**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3098 |
|---|---|

**RESPONSE OF PLAINTIFFS KERRY LAMONS, DAVID TULCHINSKY, DHAMAN GILL, KATIANNE NAVARRO, MICHAEL BLACKWELL, MAX ALPERSTEIN AND ARYA SHOAEE IN SUPPORT OF MOTION BY DEFENDANTS 23ANDME, INC., 23ANDME PHARMACY HOLDINGS, INC., AND 23ANDME HOLDING CO. FOR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407 AND TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Kerry Lamons ("Lamons"), David Tulchinsky ("Tulchinsky"), Dhaman Gill ("Gill"), Katianne Navarro ("Navarro"), Michael Blackwell ("Blackwell"), Max Alperstein ("Alperstein"), and Arya Shoaee ("Shoaee") (collectively, "Plaintiffs") respectfully submit this response in support of the motion by Defendants 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., and 23andMe Holding Co. (collectively, "23andMe") for consolidation pursuant to 28 U.S.C. § 1407 and transfer to the United States District Court for the Northern District of California.

This litigation consists of no less than 34 class actions (the "Related Actions") against 23andMe regarding a data breach that occurred on or before October 6, 2023. The Related Actions have been filed in three different District Courts, namely, the Northern District of California (31 cases), the Central District of California (one case), and the Northern District of Illinois (two cases).

Plaintiffs agree that all Related Actions should be transferred to the Northern District of California and proceed before the Honorable Edward M. Chen.

**ARGUMENT**

The Related Actions, and any tag-along actions that follow, are appropriate for transfer pursuant to 28 U.S.C. § 1407(a) because they involve many common questions of fact, and transfer will benefit the parties and the court system as a whole. Further, given that numerous actions are already pending in the Northern District of California, transfer to that District and Judge Chen is most appropriate.

## I. Plaintiffs Support Consolidation and Transfer of the Related Actions under 28 U.S.C. § 1407

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings," based upon a "determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Each of these requirements is satisfied here, and the Related Actions should therefore be consolidated in multidistrict litigation.

### A. The Related Actions Involve Common Factual Allegations

When related actions involve alleged "common questions of fact," this Panel has held that "[c]entralization under Section 1407 is . . . necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings concerning the common factual questions." *In re Oil Spill by "Amoco Cadiz" Off Coast of France on Mar. 16, 1978*, 471 F. Supp. 473, 478 (J.P.M.L. 1979); *see also In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, No. MDL 3073, 2023 WL 3829244, at *1 (J.P.M.L. June 2, 2023) (centralizing 11 actions related to data breach and holding "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary"); *In Re Volkswagen & Audi Warranty Extension Litig.*, 452 F. Supp. 2d 1354, 1355-56 (J.P.M.L. 2006) (centralizing four actions that involved "common questions of fact").

Here, each of the Related Actions arise from the same data breach. 23andMe is a biotechnology company focused on discovery of ancestral genetics. 23andMe acquired, collected, and stored the personally identifiable information ("PII") and personal health-related information ("PHI) (collectively, "Private Information") of the Plaintiffs and millions of other consumers. On or before October 6, 2023, due to 23andMe's failure to maintain proper safeguards and protect Private Information of millions of people, unauthorized third-party cybercriminals gained access to the Private Information of millions of consumers, including Plaintiffs. The vulnerable and potentially exposed Private Information includes but is not limited to: names, sex, birth year, genetic ancestry results, profile photos, geographic location, and health-related information. The Related Actions all contend 23andMe disregarded the rights of the putative class members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure the class members' PII was safeguarded. The complaints in the Related Actions allege substantially similar legal claims on behalf of the same nationwide class (as well as various state subclasses) of persons affected by the same set of facts, i.e., the data breach. For these reasons, there are common questions of fact.

**B. Consolidation Would Serve the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of the Action**

Consolidation would serve the convenience of the parties and witnesses by placing related actions before a single judge to oversee the action. *See In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 988 F. Supp. 2d 1364, 1366 (J.P.M.L. 2013) ("Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands."). Given the similar allegations against similar defendants involving the same data breach, the factual discovery and legal issues

in the Related Actions will overlap. As such, consolidation will help serve the interests of the parties by preventing duplicative efforts in discovery and avoiding inconsistent pretrial rulings.

Consolidation will avoid duplicative discovery. Given the overlapping claims involving the same data breach and made against the same defendants, discovery in each of the actions is likely to substantially overlap and will concern similar issues, including, among others, how 23andMe's system was breached, what security measures 23andMe had in place to protect against a breach, and what information was compromised in the breach. Centralization sidesteps tremendous inefficiencies in the process of conducting discovery. *See In re Resource Exploration Inc. Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980) (consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery . . . and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary"). This includes reducing the cost of document review platforms and depositions for third party witnesses as much as party witnesses. Consolidation of the cases will permit the parties to coordinate their efforts in a single proceeding, thereby promoting efficiency and preserving parties' and judicial resources.

Consolidation also decreases the likelihood of inconsistent ruling on pretrial issues because of the possible *res judicata* or collateral estoppel effects on other cases. *See In re Enron Sec. Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings); *In re Multidistrict Private Civ. Treble Damages Litig.*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968) (stating the purpose of multidistrict litigation is to "eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions").

For all of the reasons above, the Panel should consolidate and centralize the Related Actions and any tag-along actions.

**II. The Northern District of California is the Most Appropriate Forum**

"The Panel uses no single factor to select the transferee district, but the Panel does consider where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2004) (footnote omitted); *see also In re Preferential Drug Prod. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977).

Here, the Northern District of California is the most appropriate transferee district. It is where the largest number of cases—31 of the 34 actions—are already pending, including the first-filed *Santana* case. Furthermore, the headquarters of 23andMe is located at 223 North Mathilda Avenue, Sunnyvale, California 94086, within this District. *See e.g. In Re: Samsung Customer Data Security Breach Litigation,* MDL 3055, 655 F.Supp. 3d 1368 (Feb. 1, 2023) (transferring the data breach cases to New Jersey, where Defendant was headquartered, where common witnesses and other evidence was likely to be found). Thus, it would be a convenient and easily accessible location for the 23andMe parties and witnesses, and relevant documents will be found there. Cost and inconvenience will also be minimal as the Northern District of California has the infrastructure to easily accommodate out-of-town lawyers, parties, and witnesses. The Northern District of California has extensive experience presiding over complex data breach and misuse class actions like this one and is therefore familiar with the critical issues implicated. Judge Chen is also uniquely qualified to manage this MDL given his track record of managing complex class actions, including data breach matters. His expertise will help steer this matter prudently and

efficiently. For all these reasons, the Panel should transfer the Related Actions to the Northern District of California.[1]

## CONCLUSION

The Panel should consolidate the Related Actions pursuant to 28 U.S.C. § 1407 and transfer all current and future Related Actions to the United States District Court for the Northern District of California to proceed before the Honorable Edward Chen.

Date: January 18, 2024

Respectfully submitted,

**REESE LLP**

By: *_/s/ Michael R. Reese_*
Michael R. Reese
*mreese@reesellp.com*
Sue J. Nam
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**REESE LLP**
Charles D. Moore
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55402
Telephone: (212) 643-0500

[1] Gill maintains that his case belongs in state court because the federal courts lack subject matter jurisdiction due to a lack of diversity of the parties, and he reserves the right to brief this issue in the future. This issue should not affect the outcome of this motion to consolidate and transfer pursuant to 28 U.S.C. § 1407, however, as both the Central District of California and the Northern District of California are well able to assess whether they have subject matter jurisdiction and remand the matter if appropriate.

**LAUKAITIS LAW LLC**
Kevin Laukaitis
*klaukaitis@laukaitislaw.com*
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, Puerto Rico 00907
Telephone: (215) 789-4462

*Counsel for Plaintiffs Kerry Lamons and Dhaman Gill*

**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**REESE LLP**
Charles D. Moore
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55402
Telephone: (212) 643-0500

**LAW OFFICE OF COURTNEY WEINER PLLC**
Courtney L. Weiner
*cw@courtneyweinerlaw.com*
1629 K Street Northwest, Suite 300
Washington, District of Columbia 20006
Telephone: (202) 827-9980

*Counsel for Plaintiff David Tulchinsky*

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson, Esq.
Yana Hart, Esq.
*rclarkson@clarksonlawfirm.com*
*yhart@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, California 90265
Telephone: (213) 788-4050

*Counsel for Plaintiffs Max Alperstein and Arya Shoaee*

COLE & VAN NOTE
Laura Van Note, Esq.
*lvn@colevannote.com*
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800

*Counsel for Plaintiffs Katianne Navarro and Michael Blackwell*